IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| STATE OF TENNESSEE, et al., | )<br>)<br>) |
| Plaintiff-Appellees, | )<br>)<br>) |
| v. | ) No. 22-5807 |
| DEPARTMENT OF EDUCATION, et al., | )<br>)<br>)<br>) |
| Defendant-Appellants. | )<br>) |

**DEFENDANT-APPELLANTS' OPPOSITION TO
PLAINTIFF-APPELLEES' MOTION FOR RECONSIDERATION**

This case involves the government's appeal of a preliminary injunction issued in favor of plaintiffs-appellees. That injunction prohibits the government from implementing against plaintiffs certain agency documents about the meaning of federal anti-discrimination provisions contained in Title VII, 42 U.S.C. § 2000e-2(a), and Title IX, 20 U.S.C. § 1681(a). The government did not seek a stay of that injunction pending appeal, and it therefore remains in effect.

Pursuant to Federal Rule of Appellate Procedure 27 and Sixth Circuit Rule 26, the government sought a modest, 30-day extension of the

time for filing its opening brief, demonstrating "good cause" for that request and explaining that the Plaintiff States would not be prejudiced by such an extension. In its motion, the government noted the Plaintiff States' opposition, together with the reason they provided for that opposition. Pursuant to Federal Rule of Appellate Procedure 27(b), this Court granted that routine, procedural motion without awaiting the States' response. The States now take the extraordinary step of asking this Court to reconsider its order granting an initial 30-day extension of time for the government to file its opening brief. None of the arguments presented in the States' motion for reconsideration has any merit and that motion should therefore be denied.

1. This Court granted the government's motion for an extension of time notwithstanding the fact that the motion made clear that the States opposed that motion. There is no basis for this Court to take the extraordinary step of reconsidering that eminently reasonable (and commonplace) order. The States make no effort to satisfy the normal requirements of a motion for reconsideration. Generally, "courts will find justification for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a

need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (cleaned up). Here, the States identify no change in law, no new facts relevant to this Court's order, and no "manifest injustice" that would result from a short delay in briefing this appeal.

The States complain that the motion was granted before they could file their response, Mot. 1, but of course that is expressly allowed by the Federal Rules of Appellate Procedure, which provides that "[t]he court may act on a motion for a procedural order—including a motion [for extension of time] under Rule 26(b)—at any time without awaiting a response." Fed. R. App. Pro. 27(b). As noted in Wright and Miller, these kinds of routine extension motions "are often granted or denied without regard to the views of the other parties." Wright & Miller, 16AA Fed. Prac. & Proc. Juris. § 3973.2 (5th ed.).

2. In asking this Court to reconsider its order, the States first claim (Mot. 1-3) that this Court erred because it somehow failed to abide by the Court's own rules, which state generally that the Court "disfavors applications for extensions of time for the filing of briefs." 6th Cir. R. 26(a)(1). But of course, "disfavoring" these kinds of motions is not the

same as prohibiting them. As noted in the government's motion, this Court regularly grants reasonable initial extension motions like this one, whether unopposed or opposed. Indeed, the government's motion for an extension expressly acknowledged Sixth Circuit Rule 26(a)(1) and this Court summarily granted that motion. This Court has thus already decided to exercise its discretion to take the (unremarkable) step of granting such an extension here notwithstanding that Rule. The States provide no sound reason to second-guess this Court's prior ruling, much less to waste this Court's time with a protracted dispute over a procedural matter normally resolved between parties as a matter of professional courtesy.

The States' suggestion that reasonable extensions of time should not be granted in principle is particularly surprising given that the States themselves (unsurprisingly) seek and obtain similar extensions of time from this Circuit, *see, e.g.*, *Kentucky v. Yellen*, Case No. 21-6108 (6th Cir.) (Tennessee and Kentucky sought and obtained extension of time to file brief), and others, *see, e.g.*, *Texas v. Yellen*, CA5 No. 22-10560 (Louisiana and Mississippi sought and obtained extension of time to file brief), for reasons materially similar to those that the government invoked in

seeking this extension. In seeking those extensions, the States appear to have understood what they now fail to grasp: That, absent some unusual prejudice to other parties, reasonable initial extensions of time to file briefs are freely granted (and routinely consented to by fellow members of this Court's bar).

3. As noted in the government's motion, this case involves the government's appeal of a preliminary injunction issued *in favor* of the States against the government. That injunction prohibits the government from implementing against the States certain agency documents that the States challenged in this litigation. The government did not seek a stay of the preliminary injunction pending appeal, so that injunction remains in effect.

The States have not cross appealed and did not ask the district court for preliminary relief against any other agencies (aside from the defendants here, the Equal Employment Opportunity Commission and the Department of Education) or any other agency actions. The States cannot ask this Court to expand on appeal the scope of the injunction they obtained below, and they cannot rely on actions allegedly being taken by other agencies as a basis for expediting this appeal. If the States

eventually win this appeal, they will be no better (or worse) off than they are right now. And if the States lose this appeal, they will obviously lose the protections granted to them by the preliminary injunction. As a result, the States are not harmed or prejudiced in any way by a short extension of the briefing schedule in this appeal.

The States' response to the obvious lack of prejudice here is puzzling and unpersuasive. First, the States complain that the Department of Education has not paused notice and comment in a rulemaking that relates to the same subject as the enjoined documents. Mot. 4. That complaint is surprising given that the sole basis the district court gave for granting the instant preliminary injunction was that the Department *failed* to engage in notice and comment before issuing the documents that the States challenge here.

The States next claim that they are prejudiced by a 30-day delay in this appeal because "other federal agencies that are not parties to this litigation continue to rely upon the challenged U.S. Department of Education" documents that the district court enjoined. Mot. 4-5. But agencies that "are not parties to this litigation" are plainly not bound by the outcome of this appeal—whether favorable or unfavorable to the

States—and the States cannot rely on unsupported allegations about the conduct of non-parties to justify their scheduling preferences in this appeal.

In short, the States fail to explain how a short delay in the briefing of this appeal will have any effect whatsoever on the various government actions they identify in their motion, let alone a prejudicial effect.

4.  Finally, the omission of a certificate of compliance provides no basis to reconsider the Court's order.  The failure to include such a certificate was apparent on the face of the government's original motion, and the States give no reason to think that this Court's decision to nevertheless grant the motion was an error or an abuse of the Court's discretion.

## CONCLUSION

For the foregoing reasons, the States' motion to reconsider should be denied.

Respectfully submitted,

<u>    s/ Jack Starcher    </u>
JACK STARCHER
*Attorney, Appellate Staff*
*Civil Division, Room 7515*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-8877*
*john.e.starcher@usdoj.gov*

OCTOBER 2022

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Century Schoolbook, a proportionally spaced font. I further certify that this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,250 words according to the count of Microsoft Word.

                                    *s/ Jack Starcher*
                                    Jack Starcher

## CERTIFICATE OF SERVICE

I certify that on October 27, 2022, I filed and served the foregoing Motion with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*s/ Jack Starcher*
Jack Starcher
