

April 5, 2023

<u>VIA E-FILING</u>

Ms. Deborah S. Hunt
Clerk of the Court
United States Court of Appeals
for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

      Re:    *State of Tennessee, et al. v. Department of Education, et al.*
              Case No. 22-5807

Dear Ms. Hunt:

      Under Fed. R. App. P. 28(j), Intervenor-Appellees Association of Christian Schools International and A.F., a minor, provide notice of two recent briefs filed by the federal government that support Intervenor-Appellees' arguments here.[1]

      In *B.P.J. v. West Virginia State Board of Education, et. al.*, the Departments of Education and of Justice took the formal position that West Virginia's state law limiting women's sports to biological women "violates Title IX" and implicates the Departments' Title IX "enforcement authority." Br. for the United States at 2, 21, No. 23-1078 (4th Cir. Apr. 3, 2023), ECF No. 68-1. They stated that even though Title IX's regulations "generally allow schools to provide sex-separate athletic teams where selection is based upon competitive skill or the activity is a contact sport," nevertheless those regulations "do not" permit states to prohibit boys-who-identify-as-girls "from participating on those teams," and that such state laws "are simply too broad to conform to Title IX's fundamental antidiscrimination mandate." *Id.* at 24, 29.

      Likewise in *Neese v. Becerra*, the DOJ defended a notice that had announced federal "enforcement" of a ban on gender-identity discrimination in healthcare based on the government's application of Title IX. Br. for Appellants at 5, No. 23-10078 (5th Cir. Mar. 27, 2023), ECF No. 19. DOJ stated that "under Title IX and

---

[1] Under Federal Rule of Evidence 201, this Court can take judicial notice of statements made by a party opponent because they are generally within the court's jurisdiction and can be accurately and readily determined from sources whose accuracy cannot be questioned.

Section 1557, a covered entity discriminates on the basis of sex when it discriminates on the basis of sexual orientation or gender identity." *Id.* at 32.

These formal positions add to the notices challenged in this case, and further put all states and entities in the Fourth and Fifth circuits on notice that they face Title IX enforcement from the federal government for protecting women's safety and fairness in education, practices that heretofore have been allowed and required under Title IX.

Sincerely,

*s/ Matthew S. Bowman*
Matthew S. Bowman

*Counsel for Intervenors-Appellees Association of Christian Schools International and A.F., a minor, by Sara Ford, her mother*

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 335 words and complies with Federal Rule of Appellate Procedure 28(j).

*s/ Matthew S. Bowman*
Matthew S. Bowman
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
mbowman@ADFlegal.org

*Counsel for Intervenors-Appellees*

## CERTIFICATE OF SERVICE

I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit on April 5, 2023 using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Matthew S. Bowman*
Matthew S. Bowman

*Counsel for Intervenors-Appellees*
