

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7511
Washington, DC 20530

Tel: (202) 514-1673

April 13, 2023

VIA CM/ECF

Deborah Hunt, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

      RE:   *State of Tennessee, et al. v. Department of Education et al.*, No. 22-5807
           (argument scheduled for April 26, 2023)

Dear Ms. Hunt:

    We write in response to Intervenors' letter regarding the government's recent filings in separate litigation, *see* Amicus Br., *B.P.J. v. West Virginia State Board of Education*, Nos. 23-1078(L), 23-1130 (4th Cir. Apr. 3, 2023); Opening Br., *Neese v. Becerra*, No. 23-10078 (5th Cir. Mar. 27, 2023), neither of which supports the States' and Intervenors' position on appeal.

    The amicus filing in *B.P.J.* explained that while Title IX and its implementing regulations "generally allow schools to provide sex-separate athletic teams," policies like West Virginia's "categorical ban on transgender girls' participation on teams consistent with their gender identity" "are simply too broad to conform to Title IX's fundamental antidiscrimination mandate." *B.P.J.* Amicus Br. 24, 28, 29. As discussed in our briefs in this case, the ongoing *B.P.J.* litigation underscores the impropriety of the States' challenge to the informational documents at issue here. Unlike the injury to an individual student underpinning that litigation, the abstract sovereign harms alleged by the States here are too speculative to establish standing. Opening Br. 30; Reply Br. 6-7. That litigation further illustrates that the challenged documents are not the cause of the States' purported sovereign injuries and that barring their implementation would do nothing to redress those supposed harms. Reply Br. 7. And that litigation makes clear that the challenged documents—which merely

summarize the government's understanding of Title IX's prohibition on sex discrimination—are not final agency action required to go through notice-and-comment rulemaking because they neither determine legal obligations nor create new rights.  Opening Br. 39; Reply Br. 13-14, 21-22.

Intervenors' invocation of the *Neese* litigation is equally unavailing.  That case involves a challenge to an interpretative document issued by the Department of Health and Human Services, not the Department of Education.  *Neese* Opening Br. 1. Anyway, like the States' challenge to the informational documents in this case, the plaintiffs' challenge to the document at issue in *Neese* fails because the plaintiffs lack standing and their claims are unreviewable.  *Neese* Opening Br. 17-31.  The government's filing pointing out those threshold defects hardly supports the States' and Intervenors' position on appeal.

Sincerely,

s/ *David L. Peters*
David L. Peters
U.S. Department of Justice
Appellate Staff, Civil Division

cc (via CM/ECF):  Counsel of Record