**STATE OF TENNESSEE**

# Office of the Attorney General



**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

P.O. BOX 20207, NASHVILLE, TN 37202
TELEPHONE (615)741-3491
FACSIMILE (615)741-2009

April 13, 2023

Deborah S. Hunt, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

**Re:** *State of Tennessee, et al. v. Department of Education, et al.*, **No. 22-5807**

Dear Ms. Hunt:

Plaintiffs-Appellees, other than Arizona, respectfully respond to Intervenors' letter concerning the federal government's filings in *B.P.J. v. West Virginia State Board of Education*, Nos. 23-1078(L), 23-1130 (4th Cir. Apr. 3, 2023), and *Neese v. Becerra*, 23-10078 (5th Cir. Mar. 27, 2023).

The *B.P.J.* brief confirms that the United States believes—regardless of whether West Virginia schools otherwise "accomplish[] Congress's objective in enacting Title IX: ensuring equal athletic opportunity" for the two sexes, Amicus Br. 21—that West Virginia's law limiting female sports teams to biological girls, W. Va. Code Ann. § 18-2-25d, conflicts with Title IX by prohibiting boys who identify as girls from participating on girls' teams, Amicus Br. 24. Title IX regulations have expressly allowed sex separation for *all* sports where selection "is based upon competitive skill" when a school offers teams for each sex, 34 C.F.R. § 106.41(b), as is the case for the track and cross-country teams in *B.P.J.*

The federal government has abandoned Title IX's text and its longstanding regulation and follows instead the instruction of the Interpretation and Fact Sheet,

which Defendants publicly released mere days after the original *B.P.J.* statement of interest. The brief follows the same pattern of reasoning as the challenged documents and reaches the same conclusions: that Title IX prohibits discrimination based on sexual orientation and gender identity; and that schools can no longer provide separate living facilities or sports teams for the two sexes.

The *Neese* brief is cut from the same cloth but at least acknowledges the existence of 20 U.S.C. § 1686, Br. 38, a feat none of Defendants' briefs in this appeal accomplished.

The Interpretation and Fact Sheet marked the consummation of Defendants' decision-making and arguably proscribed numerous State laws, policies, practices, and legislative proposals. The States have standing to redress this harm to their sovereignty, threat to billions of dollars in federal funding, and imposition of compliance costs. *E.g.*, *Kentucky v. Yellen*, 54 F.4th 325, 335-36 (6th Cir. 2022) (ruling states originally had standing due to enactment of or "desire to enact" laws that would arguably result in loss of federal funding).

Respectfully submitted,

/s/ *Clark Lassiter Hildabrand*
Clark Lassiter Hildabrand
 Senior Counsel
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for all Plaintiffs-Appellees
other than the State of Arizona*

## CERTIFICATE OF SERVICE

I, Clark Hildabrand, counsel for Plaintiffs-Appellees other than the State of Arizona and a member of the Bar of this Court, certify that, on April 13, 2023, a copy of the foregoing Rule 28(j) letter was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

                                                 /s/ *Clark Lassiter Hildabrand*
                                                 Clark Lassiter Hildabrand
                                                   Senior Counsel