STATE OF TENNESSEE

# Office of the Attorney General



**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

P.O. BOX 20207, NASHVILLE, TN 37202
TELEPHONE (615)741-3491
FACSIMILE (615)741-2009

April 17, 2023

Deborah S. Hunt, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

**Re:**   *State of Tennessee, et al. v. Department of Education, et al.*, **No. 22-5807**

Dear Ms. Hunt:

    Plaintiffs-Appellees, other than Arizona, respectfully submit this Rule 28(j) letter concerning the Supreme Court's decision in *Axon Enterprise, Inc. v. FTC*, Nos. 21-86 & 21-1239, 2023 WL 2938328 (Apr. 14, 2023).

    Defendants argue *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), precludes pre-enforcement challenges of Title IX rulemaking. Opening Br. 44-46. The Mine Act—the statute in *Thunder Basin*—created a "comprehensive review process [that] does not distinguish between preenforcement and postenforcement challenges." 510 U.S. at 208-09. After administrative adjudication, a mine operator seeks review in specified circuit courts of appeal which "shall have exclusive jurisdiction of the proceeding." 30 U.S.C. § 816(a)(1). None of that is true for Title IX rulemaking. States' Br. 31-34.

    *Axon* unanimously allowed plaintiffs subject to ongoing FTC and SEC investigations to bring constitutional "separation-of-powers" claims against the agencies in district court. 2023 WL 2938328, at *3. *Axon* is not perfectly analogous. But *Axon* cautions against Defendants' overexpansive reading of *Thunder Basin*.

The States challenge the Interpretation and Fact Sheet as exceeding the authority given to Defendants by Congress under the Spending Clause and as "an unlawful exercise of legislative power." States' Br. 44-46. *Axon* agrees "being subject to unconstitutional agency authority" is "a here-and-now injury." 2023 WL 2938328, at *9 (quotations omitted). Forcing States to bear compliance costs and subject themselves to enforcement relying on the documents would "foreclose all meaningful judicial review," just as if a sovereign's immunity from suit under "established immunity doctrines" were ignored. *Id.* at *8-9.

"The collateralism factor favors" the States as well "because they are challenging" Defendants' "power to proceed at all" with rulemaking. *Id.* at *9.

Finally, Defendants know "nothing special about the separation of powers." *Id.* at *10. Even for the contrary-to-Title-IX claim, Defendants exercised no expertise in reversing positions they had taken just months earlier. States' Br. 7-8.

Justice Gorsuch rejects *Thunder Basin* because district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Axon*, 2023 WL 2938328, at *14 (Gorsuch, J., concurring in judgment) (quoting 28 U.S.C. § 1331).

Respectfully submitted,

/s/ *Clark Lassiter Hildabrand*
Clark Lassiter Hildabrand
 Senior Counsel
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Clark.Hildabrand@ag.tn.gov

*Counsel for all Plaintiffs-Appellees other than the State of Arizona*

## CERTIFICATE OF SERVICE

I, Clark Hildabrand, counsel for Plaintiffs-Appellees other than the State of Arizona and a member of the Bar of this Court, certify that, on April 17, 2023, a copy of the foregoing Rule 28(j) letter was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

        /s/ *Clark Lassiter Hildabrand*
        Clark Lassiter Hildabrand
         Senior Counsel