

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7511
Washington, DC 20530

Tel: (202) 514-1673

April 21, 2023

VIA CM/ECF

Deborah Hunt, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

      RE:   *State of Tennessee, et al. v. Department of Education et al.*, No. 22-5807 (argument scheduled for April 26, 2023)

Dear Ms. Hunt:

      We write in response to the States' letter regarding the Supreme Court's decision in *Axon Enterprise, Inc. v. Federal Trade Commission*, -- S. Ct. ----, 2023 WL 2938328 (U.S. Apr. 14, 2023). That case involved "extraordinary claims" brought by respondents in ongoing administrative enforcement actions challenging "the structure or very existence of an agency." *Id.* at *3, *8. In holding that the relevant statutory review schemes did not preclude district court jurisdiction over such claims, the Court emphasized the "limits" of its decision, explaining "that the expense and disruption of protracted adjudicatory proceedings on a claim do not justify immediate review." *Id.* at *9 (quotation marks omitted). "What makes the difference here," the Court explained, "is the nature of the claims," i.e., that the challengers asserted that they were "subject[] to an unconstitutionally structured decisionmaking process" and were suffering injuries that "cannot be undone" by a favorable court of appeals ruling. *Id.*

      The run-of-the-mill APA claims in this case are quite different from the structural constitutional claims in *Axon Enterprise*. The States do not challenge the constitutionality of the administrative and judicial review scheme that Congress established for Title IX enforcement-related disputes or the structure of the Department of Education. Rather, the States' core contention is that the Department's interpretation of Title IX is incorrect and that they should not be

subject to enforcement for non-compliance. Those are precisely the type of "enforcement-related matters" that the Department "regularly adjudicates." *Axon Enterprise*, 2023 WL 2938328 at *9 (cleaned up). Moreover, a favorable court of appeals decision following an administrative proceeding could remedy any injuries suffered by the States and thus would not "come too late." *Id.* And the States' constitutional claims—which the district court did not address and thus are not at issue in this appeal—are "intertwined with or embedded in matters" concerning Title IX's scope "on which the [Department is] expert." *Id.* at *10. For all these reasons, *Axon Enterprise* provides no support for the States' attempts to circumvent Title IX's exclusive review scheme.

                                                Sincerely,

                                                s/ *David L. Peters*
                                                David L. Peters
                                                U.S. Department of Justice
                                                Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record