

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7511
Washington, DC 20530

Tel: (202) 514-1673

April 24, 2023

VIA CM/ECF

Deborah Hunt, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

      RE:   *State of Tennessee, et al. v. Department of Education et al.*, No. 22-5807
             (argument scheduled for April 26, 2023)

Dear Ms. Hunt:

      We write in response to the States' letter regarding recently proposed or enacted state laws that the States argue confer standing to challenge the Department of Education's informational documents. The States' argument is mistaken in several respects.

      *First*, the States cannot establish standing based on potential conflicts with proposed laws. Standing requires an actual case or controversy, not "[h]ypothetical possibilities." *Arizona v. Biden*, 31 F.4th 469, 475 (6th Cir. 2022).

      *Second*, the States cannot establish standing based on laws enacted after this suit was initiated. Standing "is to be determined as of the time the complaint is filed," not some two years later. *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001).

      *Third*, the state laws (and others like them) do not confer standing to challenge these documents because the documents do not address the validity of any state law or practice. Instead, the documents merely set out the Department's thinking on the discrete question of whether, in light of the Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), Title IX prohibits discrimination based on

sexual orientation and gender identity. The documents do not address the separate question of what constitutes prohibited discrimination based on sexual orientation or gender identity or whether any given state law or practice amounts to prohibited discrimination. The documents thus inflict no harm—sovereign or otherwise—on the States.

*Finally*, because the documents do "not impose any restrictions on, or create any penalties against, entities subject" to Title IX, the States' asserted injuries are traceable to Title IX itself, not these documents. *School of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 998 (8th Cir. 2022). And "enjoining officials from implementing" the documents would not "redress any injury allegedly arising" from them because the Department "retains the authority and responsibility to carry out the same enforcement activity based on the statute alone." *Id.* at 1001. Thus, as explained in our briefs, the States lack standing to challenge these documents.

                              Sincerely,

                              s/ *David L. Peters*
                              David L. Peters
                              U.S. Department of Justice
                              Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record