

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7511
Washington, DC 20530

Tel: (202) 514-1673

April 30, 2024

VIA CM/ECF

Kelly L. Stephens, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

    RE:   *State of Tennessee, et al. v. Department of Education, et al.*, No. 22-5807 (argued April 26, 2023)

Dear Ms. Stephens:

    We write pursuant to Rule 28(j) to inform the Court that on April 29, 2024, the Federal Register published a final rule making amendments to the Department of Education's Title IX regulations, which will be effective as of August 1, 2024. *See* U.S. Dep't of Educ., *Final Rule: Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33474 (Apr. 29, 2024) (Final Rule).

    The Final Rule reinforces the conclusion that the district court erred in several respects in enjoining the informational documents challenged in this litigation. The Final Rule confirms that the plaintiff States lack standing because any possible injury they suffered flows not from the challenged informational documents, but from the obligations imposed by Title IX and its implementing regulations.[1] In addition, the form, scope, and purpose of the Final Rule demonstrate that the comparatively limited informational documents lack the "telltale signs" of having "direct or appreciable legal consequences" that would render them reviewable final agency

---

[1] Although an implementing regulation, the Final Rule of course cannot support plaintiffs' standing as its promulgation postdates the filing of this action by several years.

action. *Arizona v. Biden*, 40 F.4th 375, 388 (6th Cir. 2022) (quotation marks omitted); *see* 89 Fed. Reg. at 33814-25, 33887 (articulating legal standard). And while the Final Rule was subject to the requirement of notice-and-comment rulemaking because it has the "force and effect of law" and effects "a substantive change in [Title IX's] regulations," *Tennessee Hosp. Ass'n v. Azar*, 908 F.3d 1029, 1042 (6th Cir. 2018) (quotation marks omitted), the challenged informational documents do nothing of the sort and thus were not required to go through notice-and-comment rulemaking.

          Sincerely,

          s/ *David L. Peters*
          David L. Peters
          U.S. Department of Justice
          Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record