**STATE OF TENNESSEE**

**Office of the Attorney General**



**Jonathan Skrmetti**
**Attorney General and Reporter**

P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-3491
Facsimile: (615) 741-2009

May 1, 2024

**VIA CM/ECF**

Kelly L. Stephens, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

RE: *State of Tennessee, et al. v. Department of Education, et al.*, No. 22-5807 (argued April 26, 2023)

Dear Ms. Stephens:

State Appellees (save Arizona) write to explain why the Title IX Final Rule "reinforces" only affirmance, not Appellants' arguments. Appellants' 28(j) Ltr., Dkt. 99 (Apr. 30, 2024).

*First*, the Final Rule confirms that State Appellees' "injury . . . flow[ed]" from the Interpretation and Fact Sheet. Appellants' 28(j) Ltr. 1. The Final Rule concedes that its gender-identity mandate will require significant compliance costs to implement and "directly conflict[s] with" sex-based laws like Tennessee's. *E.g.*, 89 Fed. Reg. 33,474, 33,867, 33,876-78, 33,806. The same goes for the Interpretation and Fact Sheet, inflicting compliance and sovereignty injuries. *See* States' Br. 15-25.

*Second*, the Final Rule highlights that the Interpretation and Fact Sheet are "reviewable [and] final agency action." Appellants' 28(j) Ltr. 1-2. Like the Final Rule, the Interpretation and Fact Sheet sets out new non-discrimination "duties." Supp. Ltr. Br., Dkt. 81, at 4 (citation omitted). And the Final Rule points to guidance as

setting out parties' legal obligations, *e.g.*, 89 Fed. Reg. 33,677 n.51, 33,685, 33,828, 33,865 n.114—the same binding effect the Interpretation and Fact Sheet carries. *See* States' Br. 27-29, 37.

*Third*, the Final Rule drives home that the Interpretation and Fact Sheet worked a "substantive change" in Title IX's regime. Appellants' 28(j) Ltr. 2. The Final Rule recognizes that "longstanding" Title IX regulations have permitted certain sex separation. 89 Fed. Reg. at 33,814-18. The Interpretation and Fact Sheet prevents schools from enforcing those sex-based bounds. *See* States' Br. 16-19. And the Final Rule agrees its "analysis of Title IX" extends beyond *Bostock*, which "did not purport to interpret other Federal laws or address issued not raised" there. 89 Fed. Reg. at 33,807. The district court reasoned similarly. *See* States' Br. 12.

This Court should affirm the district court's preliminary injunction. Tennessee and several other State Appellees have challenged and intend to seek immediate relief against the Final Rule. Affirming would prevent the Interpretation and Fact Sheet's inflicting further harm on the State Appellees should relief against the Final Rule issue. *Cf. Ohio v. EPA*, 969 F.3d 306 (6th Cir. 2020).

Respectfully,

/s/ *Steven J. Griffin*
Steven J. Griffin
Senior Counsel for Strategic Litigation
& Assistant Solicitor General
P.O. Box 20207
Nashville, TN 37202
(615) 253-5642
Steven.Griffin@ag.tn.gov

*Counsel for all Plaintiffs-Appellees
other than the State of Arizona*

2

**CERTIFICATE OF SERVICE**

I, Steven J. Griffin, counsel for Plaintiffs-Appellees other than the State of Arizona and a member of the Bar of this Court, certify that, on May 1, 2024, a copy of the foregoing Rule 28(j) letter was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

/s/ *Steven J. Griffin*
Steven J. Griffin
*Senior Counsel for Strategic Litigation and Assistant Solicitor General*